1  THOMAS H. SLOAN, JR.  (SBN 58322)
2  STAN G. ROMAN  (SBN 87652)
   KELLER, SLOAN, ROMAN & HOLLAND LLP
3  555 Montgomery Street, 17th Floor
   San Francisco, CA  94111
4  Telephone:      (415) 249-8330
   Facsimile:      (415) 249-8333
5  Email:          tsloan@ksrh.com
                   sroman@ksrh.com
6
7  ATTORNEYS FOR DEFENDANT
   PETER KIRITCHENKO
8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11

12 IRMA RAMIREZ; DAREN HEATHERLY;        Case No. 3:14-cv-03622-JSC
   and HARRISON BENSON KINNEY JR.,
13
                     Plaintiffs,          **ANSWER OF DEFENDANT PETER
14                                         KIRITCHENKO TO COMPLAINT**
            v.
15                                         **JURY TRIAL DEMANDED**
16 PACIFIC CATCH, INC., a California
   Corporation d/b/a/ PACIFIC CATCH; PETER
17 N. KIRITCHENKO; and ISABELLA G.
   KIRITCHENKO,
18
                     Defendants.
19

20

21         Defendant Peter Kiritchenko hereby answers the complaint of plaintiffs Irma Ramirez,

22 Darren Heatherly, and Harrison Benson Kinney, Jr. ("Plaintiffs") filed September 18, 2014 (the

23 "Complaint"), as follows:

24                            **INTRODUCTION**

25         1.      Peter Kiritchenko admits that Plaintiffs purport to assert a civil rights action under the

26 Americans With Disabilities Act of 1990 (the "ADA"), California Civil Code §§ 51, 51.5 and 51.4,

27 *et. seq.*; and California Health & Safety Code § 19955 *et. seq.*, for alleged failure to remove

28 architectural barriers structural in nature at the Pacific Catch restaurant.  Peter Kiritchenko is without

1  sufficient knowledge or information to form a belief as the truth of the remaining allegations in

2  paragraph 1 of the complaint, and on that basis denies each and every allegation contained therein.

3          2.      In answer to paragraph 2 of the complaint, Peter Kiritchenko is without sufficient

4  knowledge or information to form a belief as to the truth of the allegations contained in said

5  paragraph, and on that basis denies each and every allegation contained therein.

6                                      **JURISDICTION**

7          3.      In answer to paragraph 3 of the complaint, Peter Kiritchenko admits that this Court

8  has jurisdiction with respect to claims under the ADA, and accordingly admits that since Plaintiffs

9  purport to assert such a claim this Court has jurisdiction with respect to that claim.

10 Peter Kiritchenko further admits that since Plaintiffs purport to assert claims under the referenced

11 state law provisions based on the same operative facts as the ADA claim, this Court has

12 supplemental jurisdiction under 28 U.S.C. § 1367(a) with respect to those estate law claims.  Except

13 as specifically admitted, Peter Kiritchenko generally denies each and every allegation of paragraph 3

14 of the Complaint based on lack of sufficient information and belief.

15         4.      Peter Kiritchenko admits paragraph 4 of the Complaint.

16         5.      In answer to paragraph 5 of the Complaint, Peter Kiritchenko is without sufficient

17 knowledge or information sufficient to form a belief with respect to the allegations of paragraph 5 of

18 the Complaint, and on that basis denies each and every allegation of that paragraph.

19         6.      In answer to paragraph 6 of the complaint, Peter Kiritchenko is without sufficient

20 knowledge or information sufficient to form a belief with respect to the allegations of paragraph 6 of

21 the Complaint, and on that basis denies each and every allegation of that paragraph.

22         7.      In answer to paragraph 7 of the Complaint, Peter Kiritchenko admits that paragraph 7

23 of the Complaint correctly recites an extract from § 302(b)(1)(E) of the ADA.  Except as specifically

24 admitted, Peter Kiritchenko is without sufficient knowledge or information sufficient to form a belief

25 with respect to the allegations of paragraph 7 of the Complaint, and on that basis denies each and

26 every allegation of that paragraph.

27         8.      In answer to paragraph 8 of the Complaint, Peter Kiritchenko lacks sufficient

28 information and belief as to the correctness of the definitions, and therefore denies that such

2

definitions accurately state the legal meanings of the defined terms.

9.      In answer to paragraph 9 of the Complaint, Peter Kiritchenko admits he is the landlord of the property at 2027 Chestnut Street.

10.     In answer to paragraph 10 of the Complaint, Peter Kiritchenko admits he is the landlord of the premises in question and that Pacific Catch is the tenant and owner and operator of the restaurant on the premises.

11.     In answer to paragraph 11 of the Complaint, Peter Kiritchenko admits that the restaurant business of Pacific Catch that is conducted at 2027 Chestnut Street, San Francisco is open to the general public, but denies that he or Isabella Kiritchenko was an operator or joint venturer regarding the business.  Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

12.     In answer to paragraph 12 of the Complaint, Peter Kiritchenko admits that the restaurant business of Pacific Catch that is conducted at 2027 Chestnut Street, San Francisco is open to the general public, but denies he or Isabella Kiritchenko was an owner, operator or joint venture in the restaurant business.  Peter Kiritchenko further admits that paragraph 12 of the Complaint correctly recites part §36.201 of 28 CFR.  Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

## PRELIMINARY FACTUAL ALLEGATIONS

13.     In answer to paragraph 13 of the Complaint, Peter Kiritchenko admits that the restaurant business of Pacific Catch that is conducted at 2027 Chestnut Street, San Francisco is a public accommodation.  Except as so admitted, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

14.     In answer to paragraph 14 of the Complaint, Peter Kiritchenko admits that during 2003 it commenced the restaurant business of Pacific Catch that is conducted at 2027 Chestnut Street, San Francisco, but denies he and Isabella Kiritchenko was owner or possessor of the

3

restaurant business.  Except as so admitted, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

15.     In answer to paragraph 15 of the Complaint, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

16.     In answer to paragraph 16 of the Complaint, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

17.     In answer to paragraph 17 of the Complaint, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

18.     In answer to paragraph 18 of the Complaint, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

19.     In answer to paragraph 19 of the Complaint, Peter Kiritchenko admits that plaintiffs sent letters dated March 14, 2014 and April 9, 2014.  Except as thus admitted, Peter Kiritchenko denies each and every allegation of paragraph 19 of the Complaint

20.     In answer to paragraph 20 of the Complaint, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

21.     In answer to paragraph 21 of the Complaint, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

22.     In answer to paragraph 22 of the Complaint, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

/ / /

ANSWER OF DEFENDANT PETER KIRITCHENKO TO COMPLAINT
CASE NO. 3:14-CV-03622-JSC

23.     In answer to paragraph 23 of the Complaint, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

24.     In answer to paragraph 24 of the Complaint, Peter Kiritchenko admits receiving the letter that forms part of Exhibit "A" to the Complaint, and is addressed to the "Manager of Pacific Catch."  Except as so admitted, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

25.     In answer to paragraph 25 of the Complaint, Peter Kiritchenko lacks sufficient information or belief and therefore denies this allegation.

26.     In answer to paragraph 26 of the Complaint, Peter Kiritchenko lacks sufficient information and belief and therefore denies this allegation.

27.     In answer to paragraph 27 of the Complaint, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

28.     In answer to paragraph 28 of the Complaint, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

29.     In answer to paragraph 29 of the Complaint, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

30.     In answer to paragraph 30 of the Complaint, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

31.     In answer to paragraph 31 of the Complaint, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

/ / /

32.     In answer to paragraph 32 of the Complaint, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

33.     In answer to paragraph 33 of the Complaint, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

34.     In answer to paragraph 34 of the Complaint, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

35.     In answer to paragraph 35 of the Complaint, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

36.     In answer to paragraph 36 of the Complaint, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

37.     In answer to paragraph 37 of the Complaint, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

38.     In answer to paragraph 38 of the Complaint, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

39.     In answer to paragraph 39 of the Complaint, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

40.     In answer to paragraph 40 of the Complaint, Peter Kiritchenko denies that defendants intended not to comply with the Americans with Disabilities Act of 1990.  Except as thus specifically denied, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each

6

and every allegation contained therein.

41.     Peter Kiritchenko lacks sufficient information and belief and therefore denies this allegation.

42.     In answer to paragraph 42 of the Complaint, denied as to Peter Kiritchenko and Isabella Kiritchenko, denied on lack of information and belief as to Pacific Catch.

43.     In answer to paragraph 43 of the Complaint, denied as to Peter Kiritchenko and Isabella Kiritchenko, denied on lack of information and belief as to Pacific Catch.

44.     In answer to paragraph 44 of the Complaint, denied.

45.     In answer to paragraph 45 of the Complaint, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

46.     In answer to paragraph 46 of the Complaint, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

47.     In answer to paragraph 47 of the Complaint, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

48.     In answer to paragraph 48 of the Complaint, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

49.     In answer to paragraph 49 of the Complaint, Peter Kiritchenko denies that it has failed to remove alleged architectural barriers and that the restaurant currently presents the same "general harmful conditions" that allegedly existed at the time of Plaintiffs' alleged visits.   Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

50.     In answer to paragraph 50 of the Complaint, Peter Kiritchenko denies that it has failed to remove alleged architectural barriers and that the restaurant currently presents the same

"general harmful conditions" that allegedly existed at the time of Plaintiffs' alleged visits. Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

51.   In answer to paragraph 51 of the Complaint, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

52.   In answer to paragraph 52 of the Complaint, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

53.   In answer to paragraph 53 of the Complaint, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

54.   In answer to paragraph 54 of the Complaint, denied.

55.   In answer to paragraph 55 of the Complaint, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

56.   In answer to paragraph 56 of the Complaint, Peter Kiritchenko admits that plaintiffs Ramirez and Heatherly seek injunctive relief, but deny that either of them is entitled to any such relief.  Except as so admitted, Peter Kiritchenko generally denies each and every allegation of paragraph 56 of the Complaint.

57.   In answer to paragraph 57 of the Complaint, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein, generally denies each and every allegation thereof.

58.   In answer to paragraph 58 of the Complaint, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

59.     In answer to paragraph 59 of the Complaint, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

60.     In answer to paragraph 60 of the Complaint, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

61.     In answer to paragraph 61 of the Complaint, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

## FIRST CAUSE OF ACTION

62.     Peter Kiritchenko realleges and incorporates by this reference its response to the allegations of paragraphs 1 through 61 of the Complaint.

63.     In answer to paragraph 63 of the Complaint, Peter Kiritchenko admits that paragraph 63 of the Complaint recites portions of 42 U.S.C. § 12101(a).  Except as thus admitted, Peter Kiritchenko denies each and every allegation of paragraph 63 of the Complaint.

64.     In answer to paragraph 64 of the Complaint, Peter Kiritchenko admits that paragraph 64 of the Complaint recites the substance of 42 U.S.C. § 12101(b).  Except as so admitted, Peter Kiritchenko denies each and every allegation of paragraph 64 of the Complaint.

65.     In answer to paragraph 65 of the Complaint, Peter Kiritchenko admits that paragraph 65 of the Complaint recites portions of 42 U.S.C. § 12181(7).  Except as so admitted, Peter Kiritchenko denies each and every allegation of paragraph 65 of the Complaint.

66.     In answer to paragraph 66 of the Complaint, Peter Kiritchenko admits that paragraph 66 of the Complaint recites portions of 42 U.S.C. § 12182.  Except as so admitted, Peter Kiritchenko denies each and every allegation of paragraph 66 of the Complaint.

67.     In answer to paragraph 67 of the Complaint, Peter Kiritchenko admits that paragraph 66 of the complaint recites provisions of §302(b)(2)(10, 42 U.S.C. §1281(b)(2)(1).  Except as thus specifically admitted, Peter Kiritchenko generally denies each and every allegation of paragraph 67 of the Complaint.

68.     In answer to paragraph 68 of the Complaint, Peter Kiritchenko denies that removal of all alleged barriers complained of by Plaintiffs was "readily achievable."  Except as thus specifically admitted, Peter Kiritchenko generally denies each and every allegation of paragraph 68 of the Complaint.

69.     In answer to paragraph 69 of the Complaint, Peter Kiritchenko admits that paragraph 69 of the Complaint recites portions of 42 U.S.C. § 12181(9) with substantial accuracy.  Except as thus specifically admitted, Peter Kiritchenko generally denies each and every allegation of paragraph 69 of the Complaint.

70.     In answer to paragraph 70 of the Complaint, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

71.     In answer to paragraph 70 of the Complaint, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

72.     In answer to paragraph 71 of the complaint Peter Kiritchenko admits the first and last sentences of paragraph 72 of the Complaint.  Except as so specifically admitted, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

73.     In answer to paragraph 73 of the Complaint, Peter Kiritchenko admits that each plaintiff seeks the alleged relief. Except as so specifically admitted, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

## SECOND CAUSE OF ACTION

74.     Peter Kiritchenko realleges and incorporates by this reference its responses to the allegations of paragraphs 1 through 73 of the Complaint.

75.     In answer to paragraph 75 of the Complaint, Peter Kiritchenko admits that paragraph 75 of the Complaint recites California Civil Code § 54(a).

10

76.     In answer to paragraph 76 of the Complaint, Peter Kiritchenko admits that paragraph 76 of the Complaint recites California Civil Code § 54.1(a)(1).

77.     In answer to paragraph 77 of the Complaint, Peter Kiritchenko admits that paragraph 77 of the Complaint recites California Civil Code § 54.1(d).

78.     In answer to paragraph 78 of the Complaint, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

79.     In answer to paragraph 79 of the Complaint, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

80.     In answer to paragraph 80 of the Complaint, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

81.     In answer to paragraph 81 of the Complaint, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

82.     In answer to paragraph 82 of the Complaint, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

83.     In answer to paragraph 83 of the Complaint, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

84.     In answer to paragraph 84 of the Complaint, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

85.     In answer to paragraph 85 of the Complaint, Peter Kiritchenko denies each and every allegation therein.

/ / /

## THIRD CAUSE OF ACTION

86.     Peter Kiritchenko realleges and incorporates by this reference its responses to the allegations of paragraphs 1 through 85 of the Complaint.

87.     In answer to paragraph 87 of the Complaint, Peter Kiritchenko admits that paragraph 87 of the Complaint recites a portion of California Health and Safety Code § 19955.

88.     In answer to paragraph 88 of the Complaint, Peter Kiritchenko admits that paragraph 88 of the Complaint recites a portion of Health and Safety Code § 19956.  Except as so specifically admitted, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

89.     In answer to paragraph 89 of the Complaint, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

90.     In answer to paragraph 90 of the Complaint, Peter Kiritchenko admits that California Health & Safety Code Section 19955 generally provides that "public accommodation or facilities" means a

building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers."

91.     In answer to paragraph 91 of the Complaint, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

92.     In answer to paragraph 92 of the Complaint, Peter Kiritchenko denies each and every allegation thereof.

93.     In answer to paragraph 93 of the Complaint, Peter Kiritchenko admits that Plaintiffs seeks injunctive relief, but denies that any plaintiff is entitled to such relief.

/ / /

/ / /

### **FOURTH CAUSE OF ACTION**

94.     Peter Kiritchenko realleges and incorporates by this reference its responses to the allegations of paragraphs 1 through 93 of the Complaint.

95.     Peter Kiritchenko admits that paragraph 95 of the Complaint recites California Civil Code § 51.  Except as so specifically admitted, Peter Kiritchenko generally denies each and every remaining allegation of paragraph 95 of the Complaint.

96.     Peter Kiritchenko admits that paragraph 96 of the Complaint recites California Civil Code § 51.5, with the exception of that section's subdivision designations.  Except as so specifically admitted, Peter Kiritchenko denies each and every remaining allegation of paragraph 96 of the Complaint.

97.     In answer to paragraph 97 of the Complaint, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

98.     In answer to paragraph 98 of the Complaint, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

99.     In answer to paragraph 99 of the Complaint, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

100.     In answer to paragraph 100 of the Complaint, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

101.     In answer to paragraph 101 of the Complaint, Peter Kiritchenko is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

102.     In answer to paragraph 102 of the Complaint, Peter Kiritchenko denies each and every allegation thereof.

/ / /

ANSWER OF DEFENDANT PETER KIRITCHENKO TO COMPLAINT
CASE NO. 3:14-CV-03622-JSC

**FIRST AFFIRMATIVE DEFENSE**

AS AND FOR A FIRST, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Plaintiffs have failed to mitigate their damages, and to the extent of their failure to mitigate, any damages awarded to Plaintiffs should be reduced accordingly.

**SECOND AFFIRMATIVE DEFENSE**

AS AND FOR A SECOND, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

The subject facilities have not undergone construction and/or alterations, structural repairs, or additions and therefore are not subject to the disabled access requirements during Pacific's tenancy.  Assuming arguendo alternations have been made, the accessibility requirements are only applicable to the area of specific alteration, structural repair or addition and not the entire facility [Health & Safety Code § 19959].

**THIRD AFFIRMATIVE DEFENSE**

AS AND FOR A THIRD, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Plaintiffs assumed the risk of any injuries and/or damages resulting from the matters set forth in their complaint.  The assumption of risk by Plaintiffs was a cause of their alleged injuries and/or damages.

**FOURTH AFFIRMATIVE DEFENSE**

AS AND FOR A FOURTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Plaintiffs were themselves negligent and careless in and about the matters and events set forth in their complaint and said negligence contributed to their alleged injuries and/or damages.  A verdict of the jury in favor of Plaintiffs, if any, which may be rendered in this case, must therefore be reduced by the percentage that Plaintiffs' negligence contributed to the accident and injuries complaint of, if any there were.

/ / /

14

**FIFTH AFFIRMATIVE DEFENSE**

AS AND FOR A FIFTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Any alleged discrimination was not arbitrary or intentional.

**SIXTH AFFIRMATIVE DEFENSE**

AS AND FOR A SIXTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

One or more Plaintiffs may not be a "qualified individual with a disability".

**SEVENTH AFFIRMATIVE DEFENSE**

AS AND FOR A SEVENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

The Complaint and each of its causes of action are barred by the equitable doctrines of unclean hands, estoppel and waiver.

**EIGHTH AFFIRMATIVE DEFENSE**

AS AND FOR AN EIGHTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Defendant asserts that their alleged refusal to allow access, if any, was not discriminatory, but was caused by the structure of the building(s) and by the fact that Plaintiffs' special needs prevented them admission to a building without construction, alteration or modification that is not otherwise required by law [Civil Code section 51(d), 52(g)].

**NINTH AFFIRMATIVE DEFENSE**

AS AND FOR A NINTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Plaintiffs were not discriminated against based solely on their alleged disabilities.

**TENTH AFFIRMATIVE DEFENSE**

AS AND FOR A TENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Plaintiffs do not face a real or immediate threat of substantial injury and are therefore not

15

entitled to injunctive relief.

### ELEVENTH AFFIRMATIVE DEFENSE

AS AND FOR AN ELEVENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Based on information and belief, the subject facilities were constructed prior to July 1, 1970.

### TWELFTH AFFIRMATIVE DEFENSE

AS AND FOR A TWELFTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

The removal of alleged barriers is not readily achievable.

### THIRTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A THIRTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Plaintiffs are barred from any recovery herein as to this answering Defendant in that any damages and injuries proven to have been sustained by the Plaintiffs herein would be the direct and proximate result of the independent negligence and/or unlawful conduct of others, or their agents, or employees, and not any act or omission on the part of this answering Defendant or its agents or employees.

### FOURTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A FOURTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Defendant is entitled to exceptions from the literal requirements of the standards and specifications pursuant to California Health & Safety Code § 19957.

### FIFTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A FIFTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

When viewed in its entirety, the subject building and facilities are readily accessible to and usable by individuals with disabilities.

1

## **SIXTEENTH AFFIRMATIVE DEFENSE**

AS AND FOR A SIXTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT
ALLEGES:

Health & Safety Code § 19955 et seq. does not provide a cause of action for damages
independent of California Civil Code § 54 et seq.

## **SEVENTEENTH AFFIRMATIVE DEFENSE**

AS AND FOR A SEVENTEENTH, SEPARATE AND DISTINCT DEFENSE,
DEFENDANT ALLEGES:

One or more Plaintiffs lack standing.

## **EIGHTEENTH AFFIRMATIVE DEFENSE**

AS AND FOR AN EIGHTEENTH, SEPARATE AND DISTINCT DEFENSE,
DEFENDANT ALLEGES:

One or more Plaintiffs failed to satisfy the requirements of California Civil Code §§ 55.31.

## **NINETEENTH AFFIRMATIVE DEFENSE**

AS AND FOR A NINETEENTH, SEPARATE AND DISTINCT DEFENSE,
DEFENDANT ALLEGES:

Defendant is entitled to reduction in damages pursuant to the provisions of California Civil
Code § 55.56.

## **TWENTIETH AFFIRMATIVE DEFENSE**

AS AND FOR A TWENTIETH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT
ALLEGES:

Plaintiffs' Complaint fails to comply with the provisions of California Civil Procedure
§ 425.50.

## **TWENTY-FIRST AFFIRMATIVE DEFENSE**

AS AND FOR A TWENTY-FIRST, SEPARATE AND DISTINCT DEFENSE,
DEFENDANT ALLEGES:

Plaintiffs' request for injunctive relief is moot.

/ / /

17

## TWENTY-SECOND AFFIRMATIVE DEFENSE

AS AND FOR A TWENTY-SECOND, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Defendants have insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses.  Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates it would be appropriate.

## PRAYER

WHEREFORE Peter Kiritchenko pays for judgment as follows:

1.    Plaintiffs take nothing by this action;

2.    A judgment or dismissal be entered in favor of Defendant Peter Kiritchenko;

3.    Defendant Peter Kiritchenko be awarded attorney fees and costs of suit incurred; and;

4.    Defendant Peter Kiritchenko be awarded any other and further relief the Court considers proper.

Dated:  October 24, 2014                    KELLER, SLOAN, ROMAN & HOLLAND LLP

By:       /s/ Thomas H. Sloan, Jr.
THOMAS H. SLOAN, JR.
ATTORNEYS FOR DEFENDANT
PETER KIRITCHENKO

## DEMAND FOR JURY TRIAL

Defendant Peter Kiritchenko hereby demands a jury trial of all issues in the above-captioned action which are triable to a jury.

Dated:  October 24, 2014                    KELLER, SLOAN, ROMAN & HOLLAND LLP

By:       /s/ Thomas H. Sloan, Jr.
THOMAS H. SLOAN, JR.
ATTORNEYS FOR DEFENDANT
PETER KIRITCHENKO